FORMER EMPLOYEES OF HEWLETT-PACKARD CO., PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Court No. 92–02–00072

(Dated April 30, 1993)

*Edward P. Van Pelt, pro se,* for plaintiffs.
*Stuart M. Gerson,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, *(Jeffrey M. Telep), Scott Glabman,* of counsel, United States Department of Labor, for defendant.

## MEMORANDUM AND ORDER

GOLDBERG, *Judge:* This action comes before the court on the court's order to defendant to show good cause for failure to file remand results and defendant's motion for leave to submit, out of time, a motion for an extension of time to file its remand determination and defendant's motion for an extension of time.

In its opinion of January 21, 1993, this court reversed the final negative determination regarding eligibility for trade adjustment assistance issued by the Secretary of Labor, *Koh-l-Noor Rapidograph, et.al.,* 56 Fed. Reg. 58711 (Dept Labor 1991) (Negative Eligibility Determination); *Hewlett-Packard Co., Rockaway, N.J.,* 56 Fed. Reg. 67103 (Dept Labor 1991) (Application for Reconsideration Dismissal). *Former Employees of Hewlett-Packard Co., v. United States,* No. 93–8 (CIT Jan. 21, 1993).

In its decision, the court remanded the case to the Secretary of Labor ("Labor"). Labor was directed to provide a remand determination regarding certification in accordance with the views expressed in the opinion within 30 days of January 21, 1993.

Labor failed to comply with the court's order and did not submit a determination upon remand. Labor also failed to file a motion for an extension of time.

Consequently, on March 11, 1993 the court ordered Labor to show good cause why it failed to submit its remand determination in accordance with the court's opinion. The court at the same time sought infor-

mation as to why a determination in favor of plaintiffs in the underlying action should not be issued on the grounds that Labor's denial of certification for trade adjustment assistance to plaintiffs was not supported by substantial evidence. Finally, the court sought information as to why the court should not require Labor to pay all reasonable expenses incurred by plaintiffs because of the failure to report the results of its remand determination in accordance with the order.

Labor filed its response to the court's order to show good cause on March 22, 1993. Pursuant to USCIT R. 6 and 7, defendant also submitted a motion for leave to file, out of time, a motion for an extension of time to file its remand determination. Defendant further filed a motion for an extension of time to and including May 6, 1993.

In its submissions, defendant claimed that its noncompliance with the court's order was substantially justified and that extenuating circumstances made an award of expenses unjust pursuant to USCIT R. 16(f).

Plaintiffs filed a reply to defendant's response to show good cause on April 7, 1993 claiming that defendant had not shown good cause.

### DISCUSSION

USCIT R. 16(f) provides that:

> If a party * * * fails to obey a scheduling * *  * order, * * * the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just * * *. In lieu of or in addition to any other sanction, the judge shall require the party * * * to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Furthermore, pursuant to USCIT R. 6(b)(1):

> When * * * by order of the court, an act is required to be done at or within a specified time, the court may upon motion, for good cause shown, order the period extended; * * *.

Defendant argues that its reason for missing the filing deadline and its conduct after realizing its error justify the court's exercise of discretion in allowing the remand results to be filed out of time. Defendant bases its contentions upon excusable delay, stating that:

> [a] secretary at Labor then made copies of the order and distributed a copy to the labor analyst. The secretary inadvertently omitted distributing the last page of the order, which contained the instruction to complete and submit the remand results within 30 days. Consequently, the analyst was unaware of the deadline for submitting the remand results. [ ] The undersigned was unaware that the remand results had not been timely filed until he received a telephone call from this court on * * * March 5, 1993. * * * [On] March 8, 1993, we filed a motion for an extension of time. * * *

Defendant's Response to the Court's Order to Show Cause at 2.

The court, in its discretion, determines that defendant showed good cause. Moreover, should the court hold defendant to such an extraordinary showing of good cause that good cause did not exist, the court would also be finding that substantial evidence did not support Labor's denial of eligibility for trade adjustment assistance. A determination in favor of plaintiffs in the underlying action would be a penalty too severe since no prejudice was occasioned by the delay, and the request to file out of time was as prompt as reasonably possible in this action. *See Pistachio Group Asso. of Food Indus. v. United States,* 10 CIT 475, 642 F. Supp. 1176 (1986), *vacated on other grounds,* 11 CIT 537 (1987).

In so holding, the court would, however, like to emphasize that procedures for the efficient transmittal of correct and complete case files are the backbone of fair administration and justice. The present case indicates to the court that Labor should review existing procedures to ensure that similar incidents do not occur in the future.

For the reasons stated above, the court, pursuant to USCIT R.16(f) and 6(b), hereby

ORDERED that good cause has been demonstrated, and any award of expenses would be unjust. The court further

ORDERS that defendant's motion for leave to file out of time motion for an extension of time to file remand results is granted. The court also

ORDERS that defendant's motion for extension of time for submitting remand results is granted to and including May 6, 1993.